IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES HAROLD YOUNG,

    **Plaintiff,**

    v.        CASE NO. 22-3231-JWL-JPO

ROBERT WALSH, Cloud County Prosecutor,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* case under 42 U.S.C. § 1983. Plaintiff is in custody at the Larned Correctional Mental Health Facility in Larned, Kansas. On October 7, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 4).

Plaintiff's allegations relate to his state criminal sentence. He claims that he was charged with distribution within 1000 feet of a school, but the school was closed in 2011. (Doc. 1, at 2.) He also claims that "police measurements should have also been voided," and that he "had a legal script that was not presented to a jury." *Id*. at 2–3. Plaintiff names the prosecuting attorney as the sole defendant and seeks "termination of [his] sentence and compensation for time, along with filing fees." *Id*. at 5.

The Court held in the MOSC that to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v.*

*Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.  Plaintiff has not alleged that the conviction or sentence has been invalidated.

The Court also found in the MOSC that Plaintiff's claims against the county prosecutor fail on the ground of prosecutorial immunity.  Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.

In his response, Plaintiff continues to make arguments regarding his criminal case, claiming that the school board was discussing auctioning off the school, so it was not open when

he was charged with distribution within 1000 feet of a school. (Doc. 4, at 1.) Plaintiff also argues that everything adds up to malicious intent by the prosecutor. *Id*. at 2.

Plaintiff has failed to show good cause why this action should not be dismissed for the reasons set forth in the MOSC. He has not alleged that his conviction or sentence has been invalidated or that his claims against the prosecutor relate to anything other than actions taken in initiating a prosecution and presenting the State's case.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for the reasons set forth in the Court's MOSC.

**IT IS SO ORDERED**.

**Dated November 17, 2022, in Kansas City, Kansas.**

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE